## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,            )
                             )
         v.             )     Case No. 1702009447
                             )
JUSTIN HAYES,              )
                             )
        Defendant     )

Jillian Schroder, Esquire                Benjamin Gifford, Esquire
Deputy Attorney General              Law Office of Benjamin S. Gifford
820 N. French Street, 7th Floor         14 Ashley Place
Wilmington, DE 19801                Wilmington, DE 19804
*Attorney for the State of Delaware*     *Attorney for Defendant*

## LETTER OPINION AND ORDER ON DEFENDANT'S MOTION TO VACATE JUDGMENT AND REQUEST FOR A NEW TRIAL

1.      The defendant, Justin Hayes (hereinafter the "Defendant"), was charged with Harassment and Violation of a Protective Order. A non-jury trial was convened on June 12, 2017, at the conclusion of which the Court reserved decision. On July 25, 2017, the Court issued a written opinion and found the Defendant guilty on both counts.[1] On August 1, 2017, the Defendant timely filed the instant Motion to Vacate Judgment and Request for a New Trial. The Court received briefs from the Defendant and the State. This is the Court's Opinion and Order on the Defendant's Motion.

2.      Under Court of Common Pleas Criminal Rule 33, the Court "may grant a new trial . . . if required in the interest of justice." The Defendant has alleged this Court violated his right to due process of law under the United States and Delaware Constitutions. The primary basis of the Defendant's Motion is the Court's use of certain evidence pertaining to the Defendant. The evidence, which was contained within a recorded interview of the Defendant,

---

[1] *State v. Hayes*, 2017 WL 3168460 (Del. Com. Pl. Jul. 25, 2017).

related to the allegations that had formed the foundation of the underlying Protection From Abuse order (the "PFA"). But for a delay in receiving the evidence,[2] the Defendant reportedly would have sought redaction of such evidence, and only consented with proceeding to trial because the Defendant had elected a non-jury trial.

3. According to the Defendant, defense counsel "requested that the Court simply disregard any reference to such events and give that portion of the video no weight whatsoever. The Court agreed." Defense counsel's statement to the Court on the day of trial was less thorough: "[The defense] would simply ask the Court to disregard [the evidence] and give it no weight." The Court responded with "understood." For reasons discussed *infra*, the Court disagrees with the Defendant's characterization of the Court as having agreed to "disregard all references therein . . . [and give] such content no weight in making decisions related to the case."

4. The Court referenced the objectionable material twice in its written opinion after trial, both times in the Court's recitation of the facts. The first instance was as a factual matter in the timeline of events, and included the following footnote: "The Court has only considered this evidence for the limited purpose of determining the admissibility of additional evidence. The Court has not considered this prior event in determining the guilt or innocence of the Defendant." The second instance occurred in the context of the Defendant's recorded interview, where the Defendant admitted to the conduct that had given rise to the PFA. At no point did the Court reference such conduct in its discussion of the applicable law or in finding the Defendant guilty.

5. The first reference was explicitly focused upon the admissibility of the social media evidence. The Court's primary concern was whether the testifying witness had sufficient personal knowledge to authenticate the proffered evidence under *Parker*.[3] The Court utilized

---

[2] The Defendant concedes, and the Court agrees, the delay in receiving the evidence was not the fault of the State.
[3] *Parker v. State*, 85 A.3d 682 (Del. 2014).

2

evidence of the Defendant's prior actions solely to determine whether the witness was familiar with the Defendant's Facebook profile picture. Furthermore, the Court did not consider the *content* of the Defendant's prior Facebook post, as the Court's sole focus was on whether the witness was capable of identifying the Defendant. A *Getz* analysis is only required when the State offers evidence of a defendant's prior bad acts;[4] posting on a Facebook group is not itself a bad act, and therefore does not require a *Getz* analysis unless the Court also considers the content that makes the Facebook post a prior bad act.

6.     The second reference was used for two reasons. First, it buttressed the Court's finding of admissibility with respect to the picture, as it provided further evidence suggesting the reliability of the social media evidence. Second, the Court considered the Defendant's admission in determining the Defendant's credibility as it pertained to his assertion that he did not intend to send the picture to the Christiana Facebook group. Determining the internal consistency of a statement is well within the purview of the Court when sitting as the trier of fact. Again, the Court did not consider the *content* of the Facebook post, and instead only considered the fact of the Defendant having purposely and intentionally communicated via the Christiana Facebook group. This information was relevant in analyzing the Defendant's credibility when he suggested he never intended to send anything to the Christiana Facebook group. The Court's focus was on the fact of posting, rather than the content of the post, and therefore did not require a *Getz* analysis.

---

[4] *See State v. Dorsey*, 1998 WL 960742, at *2 (Del. Super. Nov. 5, 1998) (Evidence of a prior bad act "is not admissible to prove that the defendant is a bad person who had the propensity to commit the crime charged. It has long been required by this State that the trial court perform an analysis under the *Getz* criteria to determine whether the subject matter to be introduced is relevant to an issue at trial[.]") Therefore, if the considered evidence is not of the bad act, then the evidence is not admitted pursuant to Rule 404(b), and does not require application of the factors established in *Getz*.

7.      While the Defendant argues the Court violated its promise to not consider the evidence in any manner whatsoever, the Court both disputes having made such a guarantee and, regardless, does not find the Court's reliance on the evidence to violate the Defendant's right to due process of law. By the Court's understanding of the request from defense counsel, the Defendant was attempting to remove the evidence from the Court's consideration of the ultimate issue – the Defendant's guilt or innocence. The Court's response indicated it understood the Defendant's request and would proceed equitably in accordance with that request.

8.      The Court concludes the Defendant was not deprived of due process of law. First, the Defendant did not ask the Court to refrain from considering the objectionable evidence for any purpose whatsoever and, even if the Defendant intended to do so, the Court never made any such guarantee. Second, even if the Defendant was granted a new trial – whether a jury or a non-jury trial – the evidence would likely still have been introduced for one purpose or another, because it was relevant in determining the admissibility of the social media evidence[5] and the credibility of the Defendant. The Defendant has not provided any grounds to justify excluding the evidence outright beyond the disputed guarantee given by the Court. Therefore, absent a showing of actual prejudice or infringement upon a fundamental right sufficient to give rise to a presumption of prejudice, the Defendant has not met the interest of justice standard.[6]

---

[5] *Parker* makes explicit references to the trial court analyzing the proffered evidence and ruling on its admissibility. *See Parker v. State*, 85 A.3d 682, 684-85 (Del. 2014).
[6] *See State v. Ryle*, 2015 WL 5004903, at *1 (Del. Super. Aug. 14, 2015) (citations omitted).

4

9.     **AND NOW**, this 24th day of August, 2017, upon consideration of Defendant Justin Hayes' Motion to Vacate Judgment and Request for a New Trial, and all arguments and briefing on the Motion, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

**IT IS SO ORDERED**.

_____
Robert H. Surles
Judge

cc:     Diane Healy, Judicial Case Management Supervisor